## Henderson, Assignee, v. Briggle, Executrix, et al.

*Mitchell MacCartney*, for Annie M. Briggle, claimant.
*Scheeline & Smith*, for exceptants.

PATTERSON, P. J., July 31, 1928.—George W. Briggle, late of the City of Altoona, died testate on Feb. 11, 1928, leaving to survive him Annie M. Briggle, his wife, whom he named executrix. The fund for distribution arose from a sale of real estate on a mortgage executed during the lifetime of the said George W. Briggle to Ira W. Hess, and by the said Ira W. Hess assigned to Katherine C. Henderson, who became the use-plaintiff, and after satisfaction of said mortgage there remained in the hands of the sheriff the sum of $34,378.98 to be distributed to the beneficiaries under the last will and testa-

ment of the said George W. Briggle, creditors of the said George W. Briggle, and such other persons entitled to participate therein as provided by law.

The account of Annie M. Briggle, executrix, showed receipts and expenditures by her as executrix, including an item of credit, "widow's exemption allowed Annie M. Briggle, $500.00," and a further credit of $185.92 for fees and administration expenses. The auditor disallowed the said items, and, after deducting the costs of audit, undertook to distribute said balance in the hands of the sheriff to the several judgment creditors who hold judgments contracted and entered of record during the lifetime of the said George W. Briggle.

In the report of the auditor we find "the said Annie M. Briggle, executrix, filed with the auditor at this meeting a claim for $685.92, which is shown in her statement of account hereto attached and made a part hereof. In this claim the said Annie M. Briggle claims $500.00 widow's exemption."

Four exceptions have been filed to the auditor's report, charging that the auditor erred in failing to award the sum of $685.92 to the said Annie M. Briggle, widow and executrix of the said George W. Briggle, deceased, which amount includes $500 exemption to the widow and $185.92 for administration expenses, and in holding that the widow would be compelled to look to the purchaser of the real estate for the recovery of her claim.

The widow's exemption is claimed under section 12, subdivision "A," of the Fiduciaries Act of June 7, 1917, P. L. 447, said section reading as follows: "The widow, if any, . . . of any decedent dying testate or intestate . . . may retain or claim either real or personal property or the proceeds of either real or personal property belonging to said estate to the value of $500.00, and the property so retained or claimed shall not be sold, but suffered to remain for the use of the widow or children."

The exemption allowed by the act does not vest in the widow at the death of her husband, but only when she elects to exercise her right by making a claim for it. No time is fixed by law for claiming the exemption, but the claim must be made within a reasonable time after the right accrues: Burk v. Gleason, 46 Pa. 297. And it is held in Lane's Estate, 6 Dist. R. 618, that the claim is made in time if done before the situation with respect to the estate has been so changed that expense and embarrassment would result from allowing it. In the case under consideration, the position of the judgment creditors is not affected by the widow's delay in not making her claim for her exemption until before the audit and after the sheriff's sale. The judgment creditors were all of record prior to the death of the said George W. Briggle, testator.

In Irwin's Estate, 19 Pa. C. C. Reps. 595, it is held that a claim made about thirteen months after testator's death will not be refused for laches when no intervening rights are affected. And in Snider's Estate, 16 Pa. C. C. Reps. 238, it is held that a delay of two and a-half years by the widow in demanding her exemption is not necessarily evidence of waiver; and if other parties are not affected, it is not too late to make the claim before the audit, citing Kirkpatrick's Estate, 5 Phila. 98; Hunt's Estate, 11 W. N. C. 123; Rizer's Estate, 11 W. N. C. 563; Buddy's Estate, 25 W. N. C. 359; McCann's Estate, 27 W. N. C. 439, and numerous other citations found in notes, 1 Purdon's Digest, 1094. And in the same notes: "Where the widow claims her exemption and presents the appraisement to the Orphans' Court for confirmation, but the court declines to adjudicate upon her right until the settlement of her account as administratrix, she may claim in her account, when filed, a credit for the exemption." Citing Baldy's Appeal, 40 Pa. 328.

Annie M. Briggle made her claim before the auditor by presenting her account, just as was done in the case last cited. It is held, in Maier's Estate, 1 Pearson, 420, and in Tibbin's Estate, 5 Phila. 100, that a widow must make her claim before all the assets are otherwise properly disposed of. And in Atherton's Estate, 8 Kulp, 150, it is held: "A widow administratrix need not make demand on herself for the exemption; she may take it and claim credit in her account." Ordinarily, an appraisement is necessary to the right to take property or the proceeds of its sale, but an appraisement is unnecessary when the property consists of money in hands or the like, or when the exemption is claimed out of the proceeds of real estate converted by term of the will. See cases cited, 1 Purdon's Digest, 1094.

A widow's claim for exemption is prior to the rights of all creditors, distributees, heirs, or even the Commonwealth's claim for inheritance tax, and every other form of obligation, except purchase-money mortgages. The right of Annie M. Briggle, widow, for allowance of her exemption is supported in Potter's Estate, 6 Pa. Superior Ct. 627, wherein it is stated: "The law is especially solicitous and careful—and rightly so—of childhood and old age. The rights of the latter are to be guarded with as much of carefulness and solicitude as the former." In this case, the widow remained silent for upwards of three years without making a claim for her exemption.

We are of the opinion that the auditor erred in disallowing the claim for the widow's exemption, and also the item of $185.92, representing balance due her for necessary administration expenses, and if, through her neglect or mismanagement, the estate of George W. Briggle suffered loss, such loss should be determined on exceptions to her account and not as a set-off against her exemption and expenses of administration.

The exceptions to the auditor's report are, therefore, sustained and the report referred back to the auditor for distribution of said funds in the hands of the sheriff arising from the sale of real estate, in accordance with the conclusions of law herein set forth.

From Robert W. Smith, Hollidaysburg, Pa.